STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
A. R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendants
CITICORP CREDIT SERVICES, INC. (USA), and CITICORP

FILED
COPY
12 NOV 16 PM 12: 29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ________

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRUCE RORTY,

Plaintiff,

vs.

CITICORP, a Delaware corporation; and DOES 1 through 20,

Defendants.

Case No. CV12-09835 GHK (FFMx)

**NOTICE OF REMOVAL**

**(Pursuant to 28 U.S.C. §§ 1331, 1441(b), 1446 – Federal Question)**

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, defendants Citicorp Credit Services, Inc. (USA) ("CCSI") and Citicorp (together, "Defendants"), hereby remove the action entitled Bruce Rorty v. Citicorp, et al., Los Angeles County Superior Court Case No. 12C00075 (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

1. Removal Is Timely. Plaintiff Bruce Rorty ("Plaintiff") served Defendant CCSI with the Summons and Complaint in the Action on October 19, 2012; Citicorp has not yet been served.[1] This Notice of Removal has been filed within thirty days of service of the Complaint on Defendant CCSI and is therefore timely under 28 U.S.C. § 1446(b). Copies of the Summons, Complaint and Amendment to Complaint, as well as the Notice of Case Management Review – Limited Civil, Notice of Reassignment to Department A, ADR Information Package, Stipulation - Early Organizational Meeting, Stipulation - Discovery Resolution, Stipulation and Order – Motions in Limine and Informal Discovery Conference served on Defendant CCSI in the Action, are attached hereto as composite Exhibit A. On November 15, 2012, Defendants filed an Answer to the Complaint, a copy of which is attached hereto as Exhibit B.

2. This Court Has Removal Jurisdiction Over This Action. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff alleges violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (see Complaint,¶ 18), a claim that is created by, and arises under, federal law. See Mims v. Arrow Fin.

[1] It appears that Citicorp is erroneously named. Based on Plaintiff's allegations, the proper entity would be Citibank, N.A., a national bank located in Sioux Falls, South Dakota.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Servs., LLC, 132 S. Ct. 740, 748 (2012) (holding that the TCPA's permissive grant of jurisdiction to state courts does not deprive the United States district courts of federal-question jurisdiction over private TCPA suits, and that a TCPA claim, "in 28 U.S.C. § 1331's words, plainly 'aris [es] under' the 'laws . . . of the United States'"). To the extent any other claims in the Action arise under state law, including, but not limited to, Plaintiff's claims for alleged violation of California Penal Code Sections 632 and 637.2, invasion of privacy, and alleged violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3. No Other Defendants' Consent Is Required For Removal. Defendants are the only two named defendants in the Action, and both join in this Notice of Removal. No other defendants are named in the Action, and therefore, no other entities' consent is required for removal. Accordingly, the Action is properly removed pursuant to 28 U.S.C. § 1446(a) & (b).

4. Notice Has Been Effected. A copy of this Notice of Removal is being filed with the Superior Court for the State of California for the County of Los Angeles and concurrently served on Plaintiff.

Dated: November 16, 2012

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
ALEXANDRIA KACHADOORIAN

By: [signature]
Alexandria Kachadoorian

Attorneys for Defendants
CITICORP CREDIT SERVICES, INC. (USA), and CITICORP

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CITICORP, a Delaware corporation; and DOES 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

BRUCE RORTY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 09 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court, SW District, 825 Maple Avenue, Torrance, California 90503

CASE NUMBER: *(Número del Caso):* SB12C00075

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bruce Rorty, 1715 Via el Prado, Suite 744, Redondo Beach, CA 90277 (310) 375-0776

DATE: *(Fecha)* JAN 09 2012 JOHN A. CLARKE Clerk, by *(Secretario)* L. GALINDO, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify)*: DOE 1 CITICORP CREDIT SERVICES, INC. (USA, A DELAWARE CORPORATION
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

10-19-12 @ 2:33 pm

Exh. A, Page 4

BRUCE RORTY,
1715 Via El Prado, Suite 744
Redondo Beach, California 90277
Telephone (310) 375-0776

Plaintiff in pro per

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 09 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SOUTHWEST DISTRICT

| | |
|---|---|
| BRUCE RORTY,<br>Plaintiff,<br>vs.<br>CITICORP, a Delaware corporation; and DOES 1 to 20,<br>Defendants. | CASE NO. SB12C00075<br>(Limited- under $10,000.00)<br>COMPLAINT FOR:<br>1. UNLAWFUL RECORDINGS<br>2. INVASION OF PRIVACY<br>3. UNLAWFUL TEXTING |

COMES NOW, plaintiff Bruce Rorty, ("plaintiff" or "Rorty") and alleges against the defendants, and each of them, the following:

1. Plaintiff resides in Palos Verdes Estates, State of California, County of Los Angeles, and is a residential and mobile telephone subscriber whose residential and cell phone numbers have been called by Citicorp and DOES 1 to 20. Plaintiff's landline and cellular telephone numbers have been registered on the FTC's Do Not Call (DNC) Registry since December 14, 2004 and August 30, 2006, respectively. Plaintiff at no time has ever given Citicorp written authorization to send text messages to his cell phone.

2. Plaintiff is informed and believes and thereon alleges that at all material times alleged, defendant CITICORP was a Delaware corporation, in the business of banking and extending credit via credit cards to California residents, and maintaining numerous CitiBank

SDOC2/44407

offices throughout California. The terms CitiCorp, CitiBank, and CitiCards are understood to refer to the same corporate entity and are thus interchangeable for purposes of this complaint.

3. Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE defendants 1 through 20 were and are individuals working for Citicorp who have placed telephone calls to plaintiff in connection with a CitiCard issued to plaintiff.

4. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES 1 through 20 are unknown to plaintiff at this time, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show their true names and capacities when they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is responsible in some manner for the occurrences alleged, and that plaintiff's injuries and damages as alleged were proximately caused thereby. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff is informed and believes, and thereon alleges, that at all times below mentioned, each defendant was the agent, servant, employee, joint venturer, partner, and/or representative of the remaining defendants; and in doing the things hereinafter mentioned, each defendant was acting within that course, scope and authority as an agent, servant, employee, joint venturer, partner, and/or representative, whether such capacity was actual or apparent, with the knowledge and consent of each other defendant, and as authorized and/or ratified by each of the remaining defendants.

6. Plaintiff is informed and believes and therefore alleges that at all relevant times, each defendant acted pursuant to a common plan, and/or aided and abetted the other defendants in the wrongful acts alleged in this complaint, such that each is jointly and severally liable for all harm caused to plaintiff, including that defendants are jointly and severally responsible and liable for the acts and occurrences set out below.

7. Whenever this complaint makes reference to any act of a defendant or defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly, or severally.

## JURISDICTION AND VENUE

8. This Court has jurisdiction in this matter pursuant to *Code of Civil Procedure* section 410.10, because defendants, and each of them, engaged in violations of the Penal Code as well as the privacy rights granted to California residents under California's Constitution.

9. Venue is proper in this Court per Code of Civil Procedure §§ 395 and 395.5 in that defendants, and each of them, by placing multiple collection telephone calls to a Southwest District resident, conducted business within the Southwest District, specifically in Palos Verdes Estates, California, defendants' obligations and liability arose in Los Angeles County, and defendants' breaches occurred in Los Angeles County.

## FIRST CAUSE OF ACTION

### ILLEGALLY RECORDING TELEPHONE CALLS - PENAL CODE §§ 632, 637.2

### (Against CITICORP and DOES 1-20)

10. Plaintiff realleges all paragraphs set out above as alleged and incorporates those allegations by reference as if fully set forth.

11. On or about January 7, 2011, plaintiff was called by Citicorp and Does 1 to 20 ("defendants"), and who did not unilaterally inform plaintiff at the outset of the call or during the call that they were recording the call, nor did they ask plaintiff for his permission to record the call. The call on January 7, 2011 was made by Cynthia Franks, 888-599-4388, ext. 35111. Plaintiff is informed and believes and thereon alleges defendants were at all times recording the calls. At no time were there any audible and periodic beeps indicating the call was being recorded. At all times plaintiff had an objectively reasonable expectation of privacy, i.e., that the call was not being recorded or otherwise eavesdropped upon. Partway through the January 7, 2011 call, plaintiff asked the caller, Cynthia Franks, if the call was being recorded. The caller responded "yes."

11. As a proximate result of the unlawful activities of these defendants, and each of them, per Penal Code § 637.2, plaintiff is entitled to recover $5,000.00 per recorded telephone call.

12. Per Penal Code § 637.2, plaintiff is authorized to seek an injunction barring defendants, and each of them, from surreptitiously recording telephone calls made to any California resident without their knowledge or permission. This injunction shall include all calls made by all defendants.

**SECOND CAUSE OF ACTION**

**INVASION OF PRIVACY**

**(Against All Defendants)**

13. Plaintiff realleges all paragraphs set out above alleged and incorporate these allegations by reference as if fully set forth.

14. Plaintiff is informed and believes and thereon alleges that defendants willfully recorded telephone calls placed to him without his knowledge or permission. This surreptitious recordation violates plaintiff's right to privacy as set out in the California Constitution, Article I, Section 1.

15. Plaintiff is informed and believes and thereon alleges the defendants knew or reasonably should have known that since July 14, 2006 it has been illegal for in-state and out-of-state callers to record conversations with California residents, made to their California residences, unless the call recipient either has knowledge the call is being recorded or gives his or her express permission that the call may be recorded.

16. These actions by defendants, and each of them, were despicable, malicious, unlawful, and oppressive, such that plaintiff is entitled to recover punitive damages from defendants, and each of them, in an amount sufficient to punish all defendants and to deter further unlawful conduct. Plaintiff realleges all paragraphs above alleged and incorporates these allegations by reference as if fully set forth.

**THIRD CAUSE OF ACTION**

**UNLAWFUL TEXTING [47 U.S.C §227, CC §§1770(22A) & 1780(e)]**

**(Against All Defendants)**

17. Plaintiff realleges all paragraphs above alleged and incorporates these

allegations by reference as if fully set forth.

18. Plaintiff is informed and believes and thereon alleges that defendants began sending text messages to his cell phone in Spring 2010 without ever receiving written permission to send text messages. Plaintiff gets charged by T Mobile for each text message. When Claudia called on July 14, 2010 plaintiff specifically told her that he never approved any text messages from CitiCards, and demanded that CitiCards never text him again. But CitiCards texted plaintiff at least once more after July 14, 2010. The text messages violate 47 U.S.C §227, subd. (b) and were done knowingly and willfully, thereby making CitiBank liable for treble damages for each discrete violation of subd. (b). The text messages also violate Civil Code §1770 (22A), making for the recovery of attorney's fees per CC§ 1780(e).

WHEREFORE, plaintiff prays against defendants and each of them:

**FOR THE FIRST CAUSE OF ACTION:**

1. For statutory damages of $5,000 per recorded call per Penal Code §632;

2. For a temporary restraining order, then a preliminary injunction, and later a final injunction enjoining defendants and each of them from recording telephone calls placed by defendants to California residents at their California residences, unless defendants give notice to the California residents the calls are being recorded, or unless the defendants obtain a California resident's express permission to record the call;

3. For reasonable attorney's fees and litigation expenses per Code of Civil Procedure § 1021.5;

4. For all statutory penalties available under Penal Code §§ 632 and 637.2;

**FOR THE SECOND CAUSE OF ACTION:**

5. For an award of $5,000 in general damages;

6. For an award of special damages, according to proof;

7. For an award of $5,000 in exemplary damages per Civil Code § 3294;

**AS TO THE THIRD CAUSE OF ACTION:**

8. For an award of $500 per discrete violation of subdivision (b) of 47 U.S.C. § 227;

9. For an award of treble damages for knowing and willful subd. (b) violations;

10. For reasonable attorney's fees and litigation expenses per Code Civ.Proc.§ 1021.5 and Civil Code § 1780(e), in connection with Civil Code §1770, subsection 22A, relating to texting and "robocalling."

**FOR ALL CAUSES OF ACTION**:

11. For costs of suit; and

12 For such other and further relief as the Court may deem just and proper.

DATED: January 8, 2012

BRUCE RORTY

By: [signature]

Bruce Rorty, Plaintiff in pro per

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

DATED: January 8, 2012

BRUCE RORTY

By: [signature]

Bruce Rorty, Plaintiff in pro per

SDOC2/44407

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Bruce Rorty<br>1715 Via el Prado # 744<br>Redondo Beach CA 90277<br>310-375-0776<br>COPY<br>ATTORNEY FOR (Name): Plaintiff in pro per | | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br>OCT 18 2012<br>John A. Clarke, Executive Officer/Clerk<br>By T. Rhodes, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS:<br>825 Maple Avenue, Torrance, CA 90503 | | |
| PLAINTIFF:<br>Bruce Rorty | | |
| DEFENDANT:<br>Citicorp, et al. | | |
| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | | CASE NUMBER:<br>SB 12C00075 |

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME: Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME: Citicorp Credit Services, Inc. (USA, a Delaware corporation

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10-18-12 | Bruce Rorty | Bruce Rorty |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME:

and having discovered the true name of the defendant to be:

TRUE NAME:

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

Dated ______________________ Judicial Officer ______________________

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br>JAN 09 2012<br>John A. Clarke, Executive Officer/Clerk<br>By Lanelle M. Gallindo, Deputy |
|---|---|
| COURTHOUSE ADDRESS: 825 MAPLE AVENUE - TORRANCE, CA 90503 | |
| PLAINTIFF: Korty | |
| DEFENDANT: Citicorp | |
| NOTICE OF CASE MANAGEMENT REVIEW – LIMITED CIVIL | CASE NUMBER: SB12C00075 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this Notice of Case Management Review on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be reviewed no later than 30 days before the Case Management Review date.

* **NO APPEARANCE IS NECESSARY.** The court will set any future hearings/required actions, based on the case management review. Your Case Management Review has been scheduled as follows:

| Date: 5-29-12 | Dept: | Room #: 100 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT REVIEW DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form CM-110) must be filed **at least 15 calendar days** prior to the Case Management Review date. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

The Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq., for failure to file the Case Management Statement, or effectively participate at the Case Management Review.

Dated: 1-9-12

MARK S. ARNOLD
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Review upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ______________, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive Officer/Clerk

Dated: 1-9-12

by [signature]
Deputy Clerk

LACIV 133 (Rev. 01/08)
LASC Approved 10-03

**NOTICE OF CASE MANAGEMENT REVIEW – LIMITED CIVIL**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

Original – File Copy – Party

BRUCE RORTY
1715 Via El Prado, Suite 744
Redondo Beach, California 90277
Telephone (310) 375-0776

Plaintiff in pro per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SOUTHWEST DISTRICT

| | | |
|---|---|---|
| BRUCE RORTY, Plaintiff, vs. CITICORP, , a Delaware corporation, et al., Defendants. | ) | CASE NO. SB 12C00075<br>Assigned for All Purposes to the Hon. Laura C. Ellison, Judge, Dept. A<br>NOTICE OF REASSIGNMENT TO DEPARTMENT A |

TO DEFENDANT CITICORP, a Delaware corporation:

PLEASE TAKE NOTICE that effective May 18, 2012, this matter has been reassigned to Department A.

DATED: June 18, 2012

BRUCE RORTY

By: [signature]

Bruce Rorty, Plaintiff in pro per

SDOC2/44407

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**

Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**

In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**

Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**

Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**

If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**

Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**

Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – EARLY ORGANIZATIONAL MEETING | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ________ (INSERT DATE) for the complaint, and ________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR PLAINTIFF)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR DEFENDANT)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

Date:

________ (TYPE OR PRINT NAME) ➤ ________ (ATTORNEY FOR ________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

| | |
|---|---|
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR PLAINTIFF) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: ______________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: ______________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Exh. A, Page 24

Exhibit B

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 15 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
A.R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East, 16th Floor
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendants
CITICORP CREDIT SERVICES, INC. (USA), and
CITICORP

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – SOUTHWEST DISTRICT**

| | |
|---|---|
| BRUCE RORTY,<br><br>Plaintiff,<br><br>v.<br><br>CITICORP, a Delaware corporation; and DOES 1 to 20,<br><br>Defendants. | **Case No. 12C00075**<br><br>[Assigned to the Hon. Laura C. Ellison, Dept. A]<br><br>**ANSWER OF DEFENDANTS CITICORP CREDIT SERVICES, INC. (USA) AND CITICORP TO COMPLAINT**<br><br>Action Filed: January 9, 2012<br>Trial Date: None Set |



Defendants Citicorp Credit Services, Inc. (USA) and Citicorp (together, "Defendants") hereby answer the Complaint filed by plaintiff Bruce Rorty ( "Plaintiff") and respond and allege as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained within the Complaint, and the Complaint as a whole, and further deny that the relief requested by Plaintiff is appropriate and/or that damages were sustained, or that Defendants' conduct was objectionable or unreasonable, or that Defendants were negligent in any way. Defendants further deny that by reason of any act, fault, carelessness or omission on its part, Plaintiff have been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Defendants.

## FIRST AFFIRMATIVE DEFENSE

FAILURE TO STATE A CAUSE OF ACTION

(To All Causes Of Action)

1. The Complaint, and each claim and/or cause of action set forth therein, is barred, in whole or in part, on the grounds that the Complaint fails to set forth facts sufficient to state a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

AGREEMENT TO ARBITRATE

(To All Causes Of Action)

2. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that the credit card agreement governing Plaintiff's credit card account at issue (the "Account") contains a valid and binding arbitration provision that authorizes either party to elect arbitration of any claims pertaining the Account. Defendants reserve their right to elect arbitration of this dispute pursuant to such arbitration agreement.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

**THIRD AFFIRMATIVE DEFENSE**

ESTOPPEL

(To All Causes Of Action)

3. The Complaint, and each cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

**FOURTH AFFIRMATIVE DEFENSE**

UNCLEAN HANDS

(To All Causes Of Action)

4. Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

STATUTE OF LIMITATIONS

(To All Causes Of Action)

5. Plaintiff's causes of action against Defendants, as set forth in the Complaint, are barred by the applicable statutes of limitation including, without limitation, Cal. Civ. Code section 1783, Cal. Civ. Proc. Code Sections 335, 338, 339 and 340, and 28 U.S.C. § 1658.

**SIXTH AFFIRMATIVE DEFENSE**

LACHES

(To All Causes Of Action)

6. Plaintiff unreasonably have delayed taking action in connection with the alleged claims, causing substantial prejudice to Defendants, and such claims therefore are barred pursuant to the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

FAILURE TO MITIGATE

(To All Causes Of Action)

7. Although Defendants deny that Plaintiff has suffered any harm as alleged in the Complaint, to the extent that Plaintiff has suffered harm, he has failed to mitigate that harm.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

**EIGHTH AFFIRMATIVE DEFENSE**

COMPARATIVE NEGLIGENCE

(To All Causes Of Action)

8. Defendants deny any legal responsibility for Plaintiff's alleged damages; however, to the extent that Defendants are found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of Plaintiff's alleged injuries, and any damages awarded to Plaintiff are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

**NINTH AFFIRMATIVE DEFENSE**

CONTRIBUTORY NEGLIGENCE

(To All Causes Of Action)

9. Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

WAIVER

(To All Causes Of Action)

10. The Complaint, and each cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

INDEPENDENT/INTERVENING CONDUCT

(To All Causes Of Action)

11. Any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

**TWELFTH AFFIRMATIVE DEFENSE**

RATIFICATION

(To All Causes Of Action)

12. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

**THIRTEENTH AFFIRMATIVE DEFENSE**

FEDERAL PREEMPTION

(To All Causes Of Action)

13. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the doctrine of federal preemption.

**FOURTEENTH AFFIRMATIVE DEFENSE**

OFFSET

(To All Causes Of Action)

14. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Defendants assert that they are entitled to an offset of any damages claimed by Plaintiff based on any amount owing on the Account.

**FIFTEENTH AFFIRMATIVE DEFENSE**

CHOICE OF LAW

(To All Causes Of Action)

15. The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' credit card agreement.

**SIXTEENTH AFFIRMATIVE DEFENSE**

NOT CHARGED

(To All Causes Of Action)

16. Plaintiff's claims are barred to the extent he was not charged for any calls allegedly placed to any cell phone number.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086



SEVENTEENTH AFFIRMATIVE DEFENSE

DUE PROCESS

(To All Causes Of Action)

17. The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

EIGHTEENTH AFFIRMATIVE DEFENSE

NOT KNOWING OR WILLFUL

(To The Third Cause of Action)

18. Plaintiff is precluded from any recovery from CCSI (USA) for any alleged willful and knowing violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") because any such violation (which Defendants deny occurred) would not have been willful or knowing.

NINETEENTH AFFIRMATIVE DEFENSE

CONSENT

(To The Third Cause of Action)

19. Defendants are informed and believe, and on that basis allege, that Plaintiff is barred, in whole or in part, from maintaining his alleged cause of action because "prior express consent" was provided within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for all calls allegedly placed to Plaintiff's cell phone number by any alleged automatic telephone dialing system.

TWENTIETH AFFIRMATIVE DEFENSE

IMPROPER CAUSE OF ACTION

(To The Third Cause of Action)

20. Plaintiff's claim for violation of California's Consumer Legal Remedies Act, Civil Code Sections 1750 through 1784 ("CLRA"), fails as a matter of law. See Berry v. Am. Express Publ'g, Inc., 147 Cal. App. 4th 224, 229 (2007) (holding that neither a credit card nor the "extension of credit" are goods or services under the CLRA). In addition, any claim for damages

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

based on a violation of the CLRA is barred because Plaintiff failed to provide adequate and timely written notice pursuant to California Civil Code Section 1782(a) prior to filing the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

21. Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Defendants recover their attorneys' fees, expenses and costs herein, as allowed for under any applicable law; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 15, 2012

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
A.R. KACHADOORIAN

By: [signature]
A.R. Kachadoorian

Attorneys for Defendants
CITICORP CREDIT SERVICES, INC. (USA) and CITICORP

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On November 15, 2012, I served the foregoing document(s) described as: **ANSWER OF DEFENDANTS CITICORP CREDIT SERVICES, INC. (USA) AND CITICORP TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Bruce Rorty
1715 Via El Prado, Suite 744
Redondo Beach, California 90277

☐ **(VIA PERSONAL SERVICE)** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 15, 2012, at Los Angeles, California.

Regina Harcourt
[Type or Print Name]

[Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES ) ss

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On November 16, 2012, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Bruce Rorty,
1715 Via El Prado, Suite 744
Redondo Beach, California 90277

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 16, 2012, at Los Angeles, California.

Lori A. Reed
[Type or Print Name]

[Signature]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV12- 9835 GHK (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])
Bruce Rorty

**DEFENDANTS**
Citicorp and Citicorp Credit Services, Inc. (USA)

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bruce Rorty
1715 Via El Prado, Suite 744
Redondo Beach, CA 90277
(310) 375-0776

Attorneys (If Known)
Stroock & Stroock & Lavan LLP
Julia B. Strickland/Marcos D. Sasso/A.Kachadoorian
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 556-5800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[ ] 1 Original Proceeding
[X] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify):
[ ] 6 Multi-District Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No

[ ] **MONEY DEMANDED IN COMPLAINT: $** over $16,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges that Defendants violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 490 Cable/Sat TV
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/ Exchange
[ ] 875 Customer Challenge 12 USC 3410
[X] 890 Other Statutory Actions
[ ] 891 Agricultural Act
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Info. Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Fed. Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury-Med Malpractice
[ ] 365 Personal Injury-Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
[ ] 462 Naturalization Application
[ ] 463 Habeas Corpus-Alien Detainee
[ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 445 American with Disabilities - Employment
[ ] 446 American with Disabilities - Other
[ ] 440 Other Civil Rights

**PRISONER PETITIONS**
[ ] 510 Motions to Vacate Sentence Habeas Corpus
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus/ Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

**FORFEITURE/ PENALTY**
[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 R.R. & Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety/Health
[ ] 690 Other

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-09835

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | South Dakota |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______________ **Date** November 16, 2012

Marcos D. Sasso

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |